**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ISIS GIOVANNI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 3195 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| MEGABUS USA, LLC, SEAN SEXTON, and | ) | |
| LUZ TOVAR, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Isis Giovanni, an African American woman, worked for Defendant Megabus

USA, LLC ("Megabus") as a driver from July 18, 2011 until Megabus discharged her on

September 3, 2013. She filed this suit alleging race discrimination, disability discrimination, and

retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §

2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*

Megabus, Sean Sexton, and Luz Tovar (collectively, "Defendants") move to dismiss the

Complaint on the grounds that: (1) the discrimination claims are time barred, (2) any failure to

accommodate claim has not been administratively exhausted, and (3) Sexton and Tovar (the

"Individual Defendants") must be dismissed because there is no individual liability under Title

VII and the ADA. The Individual Defendants are dismissed because they cannot be held

individually liable under Title VII and the ADA. To the extent Giovanni is asserting a failure to

accommodate claim, that claim is not properly before this Court because she did not include that

claim in her EEOC charges. And because the Court finds that the discrimination claims in this

suit are untimely, the Complaint is dismissed with prejudice. The Court grants Defendants'

motion to dismiss [18] in its entirety.

**BACKGROUND**[1]

Giovanni began her employment with Megabus as a driver on July 18, 2011. After

Megabus became aware that Giovanni had anxiety, Giovanni experienced harassment at work.

In addition to the harassment, Megabus interfered with and manipulated Giovanni's work

schedule. After she complained about the harassment, Megabus discharged Giovanni on

September 3, 2013.[2]

On September 5, 2013, Giovanni filed an EEOC charge with the Equal Employment

Opportunity Commission ("EEOC") ("First EEOC Charge") stating,

> I was hired by Respondent on or about July 18, 2011. My current position was
> Driver. During my employment, I was subjected to sexual harassment. I
> complained to Respondent. Subsequently, I was disciplined. On or about
> September 3, 2013, I was discharged.
>
> I believe I have been discriminated against because of my sex, female, and in
> retaliation for engaging in protected activity, in violation of Title VII of the Civil
> Rights Act of 1964, as amended.

Doc. 20 Ex. A. In the First EEOC Charge, Giovanni stated that she was sexually harassed and

disciplined and terminated for complaining of that harassment. She indicated that the alleged

unlawful practices were based on sex discrimination and retaliation in the check-box portion of

the form. The EEOC issued a right to sue letter on November 18, 2013.

---

[1] The facts in the background section are taken from the Complaint and the exhibit attached thereto and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 145, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). Giovanni did not attach both EEOC charges to her Complaint. Defendants submit the First Charge as an exhibit to the motion to dismiss. Because the Court must consider the allegations in the Charge to determine the proper scope of Giovanni's claims and because the claims discussed in the Charge are referenced in the Complaint and central to her claims, the First EEOC Charge is properly before the Court. *See Davis v. Central Can Co.*, No. 05 C 1563, 2006 WL 2255895, at *4 (N.D.Ill. Aug. 4, 2006) (collecting cases).

[2] In the First EEOC Charge, Giovanni states that Megabus discharged her on September 3, 2013. Defendants also refer to her discharge date as September 3, 2013. In her second EEOC charge, Giovanni states her discharge date was September 4, 2013. A discharge date plus or minus one day does not change the Court's analysis for the purposes of this motion.

On February 11, 2014, Giovanni filed another charge with the EEOC ("Second EEOC Charge") stating,

> I began my employment with Respondent on or about July 18, 2011. My most recent position was Driver. Respondent was aware of my disability. On or about September 4, 2013, I was discharged.
>
> I believe I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.
>
> I also believe I have been discriminated against because of my race, Black, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Compl. Ex 1. In the Second EEOC Charge, Giovanni states that she was discriminated against, discharged and retaliated against, due to her disability and race. She indicated that the alleged unlawful employment practices described were based on race discrimination, disability discrimination, and retaliation in the check-box section of the form. Giovanni received a second right to sue letter on April 15, 2014. On May 1, 2014, Giovanni filed this suit claiming disability discrimination, race discrimination, and retaliation.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127

S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.       Claims Against the Individual Defendants

Defendants ask the Court to dismiss all claims against the Individual Defendants on the basis that an individual supervisor cannot be held liable under Title VII or the ADA. Giovanni concedes this point and agrees that the Individual Defendants should be dismissed. The Individual Defendants are dismissed from this suit. *See Silk v. City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) ("Our case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII.").

### II.      Discrimination and Retaliation Claims

Defendants seek dismissal of Giovanni's discrimination claims on the basis that she did not file suit within 90 days of receipt of her initial right to sue letter dated November 18, 2013 and therefore her Complaint is time-barred. Giovanni argues that time should be calculated from the time she received her second right to sue letter on April 15, 2014. Because the Court finds that the Second EEOC Charge is based on the same facts and adverse employment event as her First EEOC Charge, Giovanni should have filed suit within 90 days of receipt of the First EEOC Charge. The Complaint is untimely.

A plaintiff has 90 days from receipt of a right to sue letter from the EEOC to file a Title VII or ADA lawsuit. *Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999) ("Under the ADA, ADEA, and Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue."). This strictly enforced 90-day limit, akin to a statute of

limitations, can only be altered under equitable tolling and waiver doctrines. *Vitello v. Liturgy Training Publ'ns*, 932 F. Supp. 1093, 1097 (N.D. Ill. 1996). Giovanni has not argued for equitable tolling or waiver. "Once the 90-day period expires, a court is precluded from adjudicating any allegations contained in a previous charge. *Johnson v. Chicago Bd. of Educ.*, No. 05 C 4294, 2007 WL 317030, at *5 (N.D. Ill. Jan. 31, 2007).

Neither party disputes that Giovanni's Complaint is untimely if calculated from the First EEOC Charge. Giovanni's initial right to sue letter was dated November 18, 2013. Giovanni does not argue that she did not receive that letter in a timely fashion. Therefore, she must have filed her federal complaint by February 19, 2014. Giovanni filed her Complaint on May 1, 2014. In the First EEOC Charge, Giovanni alleges that she was sexually harassed, then disciplined and fired for complaining about the sexual harassment. Therefore, any claim related to discipline or termination based on her complaint of sexual harassment is time-barred.

Giovanni's Complaint would be timely if calculated from the Second EEOC Charge. She received the second right to sue letter from the EEOC on April 15, 2014 and filed suit less than 90 days later. However, because Giovanni has filed multiple EEOC charges, she must demonstrate that "her second EEOC charge is not a mere re-allegation of the first EEOC charge, *i.e.*, not reasonably related or similar enough to be within the scope of the first charge." *Blalock v. Bethesda Lutheran Homes & Servs.*, No. 01 C 9188, 2002 WL 31833693, at *3 (N.D. Ill. Dec. 16, 2002). This is because, "[t]o allow a plaintiff to re-allege an earlier EEOC charge in a subsequent EEOC charge would render the 90-day time limit for filing lawsuits 'meaningless,' because it would allow the plaintiff to 'evade the filing requirement simply by seeking additional Notices of Right to Sue whenever he pleased.'" *Vitello*, 932 F. Supp. at 1098 (quoting *Soso*

*Liang Lo v. Pan Am. World Airways*, Inc., 787 F.2d 827, 828 (2d Cir. 1986)) (internal alterations omitted).

The question is whether the acts of discrimination alleged in the Second EEOC Charge are "separate and distinct events" from the acts alleged in the First EEOC Charge. *Id.* at 1099. Another court has explained that the second, timely charge will not support a complaint if it is "based on identical facts" as the first charge, or "at least sufficiently like or reasonably related to" those facts. *Blalock*, 2002 WL 31833693, at \*4. Courts look at the discriminatory acts alleged, not the theory of discrimination, to determine whether a plaintiff is bringing a second, similar charge. *See Johnson*, 2007 WL 317030, at \*5 (court refused to consider certain allegations in the most recent EEOC charge because they "were the very discriminatory acts to which Plaintiff (albeit implicitly) referred in the [prior] charge"); *Blalock*, 2002 WL 31833693, at \*4 (although plaintiff characterized her first charge as race discrimination, it alleged discipline and termination based on disability, just like the second charge); *Vitello*, 932 F. Supp. at 1099 (finding "[t]he two instances of retaliation were separate and distinct events" and therefore the charges did "not describe the same conduct, and so are not like or reasonably related to each other"); *Bond v. Am. Med. Assoc.*, 764 F. Supp. 122, 126 (N.D. Ill. 1991) (court read second charge of retaliatory termination to include the race discrimination alleged in first failure to promote charge; although charges alleged different employment incidents, race discrimination theory was allowed because it could "reasonably grow out of the allegations of the second timely filed charge.").

Giovanni's Second EEOC Charge is based on the same actions—harassment and discharge—as the First EEOC Charge. Although she attributes the harassment and discharge to sex discrimination in her First EEOC Charge and race and disability in her Second EEOC

Charge, the underlying adverse acts against her are the same. Therefore, Giovanni's case is directly on point with the plaintiff's in *Blalock*, where a sister district court dismissed as untimely a complaint based on a second, similar EEOC charge. *See* 2012 WL 31833693, at *4.

Giovanni's race and disability discrimination claims, therefore, cannot be salvaged with her Second EEOC Charge. The Complaint is time-barred and dismissed with prejudice.

## III.    Failure to Accommodate Claim

Finally, Defendants argue that, to the extent Giovanni is attempting to assert a failure to accommodate claim for her alleged anxiety, such a claim is barred because she did not exhaust her administrative remedies as required by the ADA. Because the Court has dismissed the Complaint as time-barred, it need not consider this argument. Even if the Complaint were timely, however, Giovanni has failed to administratively exhaust a failure to accommodate claim.

Under the ADA, an employer who knows of a qualified individual's disability is required to make a reasonable accommodation of that disability. 42 U.S.C. § 12112(b)(5); *Green v. Nat'l Steel Corp., Midwest Div*., 197 F.3d 894, 897 (7th Cir. 1999). A plaintiff cannot bring a failure to accommodate claim that was not directly included in the EEOC charge. *Green*, 197 F.3d at 898. And a plaintiff does not exhaust a failure to accommodate claim by including a disability discrimination claim in an EEOC charge. *Green*, 197 F.3d at 898 ("[O]ne cannot expect a failure to accommodate claim to develop from an investigation into a claim that an employee was terminated because of a disability."). Therefore, a plaintiff is barred from raising a failure to accommodate claim that was not explicitly raised in the EEOC charge. *Id*.

Giovanni made no mention of a failure to accommodate claim in either her First EEOC Charge or her Second EEOC Charge. Giovanni does mention "disability" in her Second EEOC

Charge, but otherwise gives no hint of a failure to accommodate. Giovanni has not exhausted

this claim. *See Green*, 197 F.3d at 898 (affirming summary judgment on failure to accommodate

claim because EEOC charge contained only discrimination claim)**.**

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [18] is granted and the

Complaint is dismissed with prejudice.


Dated: October 23, 2015

                                               _____

                                               SARA L. ELLIS
                                               United States District Judge